Statement of the case.

## W. KEELLER *v.* THE STATE.

1. VERDICT. — In a trial for theft the jury found the accused guilty, and assessed his punishment "at two years in the state *penty.*" *Held,* that the verdict is defective.

2. JUDGMENT. — The judgment entry, after reciting the verdict, proceeds to sentence the accused, and then adjudges costs against him, concluding with a suspension of execution until the decision of the defendant's appeal be known, but does not adjudge the defendant guilty of any offense. *Held,* that the judgment is defective.

3. THEFT — EVIDENCE. — In a prosecution for theft, based on article 772 of the Penal Code (Pasc. Dig., art. 2423), which makes it theft fraudulently to embezzle and convert trust-money, etc., a conviction cannot be sustained when the proof tended merely to show that the money was an advanced payment on a contract which the accused wholly failed to perform.

APPEAL from the District Court of Frio.  Tried below before the Hon. T. M. PASCHAL.

The indictment charged that on March 12, 1878, the appellant " did fraudulently and feloniously embezzle, misapply, and convert to his, the said W. Keeller's, own use, the sum of forty dollars, the property of W. C. Bradley, without the consent of the said owner, the said W. C. Bradley ; which said sum of forty dollars, so embezzled, misapplied, and converted to his, the said W. Keeller's own use, as aforesaid, had been then and there intrusted to him, the said Keeller, by the said Bradley, and which had then and there been received by the said Keeller, of and from the said Bradley, to be by him, the said Keeller, taken and carried to the city of San Antonio, and to be by him, the said Keeller, there laid out and expended in the purchase of sundry and various articles for the use of him, the said Bradley," — concluding with appropriate formal averments of an indictment for theft.

It appears by the evidence that the gallant rangers of Captain Caldwell's company raised a joint-stock subscrip-

tion fund of $40, and confided the same to one of their number, Mr. Bradley, to the end of giving a ball in the city of Friotown, on March 15, 1878. Mr. Bradley had the advantage of knowing Mr. Keeller, who was cooking in a Friotown restaurant, and negotiated with him a contract to furnish the viands for the occasion. It seems, however, that the resources of the city of Friotown were found inadequate to the emergency, and it was therefore agreed that Keeller should fall back on those of San Antonio. The bill of fare and an estimate were accordingly prepared by the high contracting parties, and, to enable Keeller to fill it, Bradley paid to him the joint-stock fund of $40, and considered it as paid in advance on the contract. Keeller departed on his mission.

The eventful day came on, and the ball came off, but Keeller "came not, but made default," as did also the cakes, confections, and even the lobster salad and the $40. What shift the gallant rangers made at the ball, under these distressing circumstances, the record, unfortunately, does not disclose, but doubtless "there was a sound of revelry by night, in Frio's modern capital."

The sequel was the pursuit of Keeller, and his capture in San Antonio, under legal process. He protested that he had duly bargained at a store in San Antonio for the estimated comestibles, but when he felt in his pocket for the joint-stock fund, it was gone. Sometimes he said he had lost it, and again, that he had been robbed of it.

At the trial, Keeller, conscious of his integrity, put his character in issue, and, having sojourned a season in Eagle Pass, proved by two majors that, according to the standard there, his character for honesty was very good. The State, however, rebutted the majors with a citizen of Friotown, according to whom it was bad there.

The verdict was: "We, the jury, find the defendant

guilty, and assess his punishment at two years in the penty." The character of the judgment entry is sufficiently indicated in the second head-note.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The verdict is defective in that the punishment is assessed "at two years in the state *penty*." The judgment is defective in that it does not adjudge the accused guilty, and name the offense of which he is adjudged guilty. The proof is defective in that it tends rather to show that the money charged to have been misapplied was an advance payment made to the accused, rather than money of another, or others, intrusted to him.

It is questionable whether the indictment is sufficient to admit such proof of the identity of the money as would warrant a conviction. For these errors, apparent on the face of the transcript, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*